ELIZA G. INGE *v.* INTERSTATE BUILDING AND LOAN ASSOCIATION.

1. MORTGAGE. *Fraudulently procured. Void. Cancellation.*

   A mortgage given to secure a loan of money, the execution of which was fraudulently obtained on the assurance of the mortgagee that its term srequired only the repayment of the loan, with six per centum interest, when its provisions are much more onerous on the borrower, is fraudulent and will be canceled at the suit of the mortgagor, coupled with an offer to pay the loan with six per centum interest.

2. SAME. *Building and Loan Association. Premium. Unconscionable contract.*

   A contract by which, upon a loan of $2,000, by a building and loan association, the borrower is required to pay $24 per month on forty shares of stock, twenty of which are for the sole benefit of the association, and $10 a month as interest, until the shares, of the par value of $100 each, are paid for and matured, is unconscionable and should not be enforced.

FROM the chancery court of Lauderdale county.
HON. NATHAN C. HILL, Chancellor.

Mrs. Inge, appellant, was the complainant in the court below ; the building and loan association, appellee, was defendant there.

The bill alleges that in 1890 an agent of appellee association induced complainant to subscribe for forty shares of its capital stock, and to borrow the sum of $2,000 from it, and to

secure the same by a deed of trust on her house and lot and the transfer of the shares of stock to it for additional security; that this agent represented to her that the Interstate Building and Loan Association was superior to all other building and loan associations in that it, in lieu of all premiums, charged only six per centum interest on the money borrowed; that complainant did not read the contract, but relied on these statements of the agent, and executed the deed of trust to secure, as she thought, the amount actually borrowed by her and the six per centum interest, but upon investigation she found that the deed of trust is claimed by defendant to have been taken to secure the monthly payments of $24 on forty shares of stock and $10 per month interest, and for the payment of insurance and taxes, and that twenty shares, of the par value of $2,000, were for the sole benefit of the company as a premium, when it was agreed no premium was to be paid by her. The bill charges that gross fraud was perpetrated upon complainant by the representations of the said agent that no premium was charged for the money loaned, but that it was a plain and simple transaction, in which the interest charged was only six per centum per annum, payable monthly; and that in the face of this representation defendant now claims that twenty of said shares, which she has been carrying for seven years, are premium shares, and that, when the whole forty shares have been paid up in full by her, and whose par value is $4,000, she will have nothing but the right to have her deed of trust canceled; and she further avers that she never, until long after the execution of the deed, heard of the claim that twenty of the shares of the stock were to be held as the sole property of the association. The bill prays for an injunction restraining the association from selling her property under the deed of trust, for a rescission of the contract, and for cancellation of the deed of trust. The defendant company answered the bill, denying all its material allegations, and made its answer a cross bill, and prayed for foreclosure of the deed of trust. Considerable

testimony was taken, and the cause was heard on the bill, answer, and proof. Several witnesses for complainant testified to the statements of the agent that no premium was to be charged, and that the six per centum interest was required in lieu of premiums. On final hearing the chancellor denied relief to the complainant, and dismissed the bill, but granted the relief sought in the cross bill directing the foreclosure of the deed of trust. From the decree complainant appealed to the supreme court.

*Neville & Wilbourne* and *W. H. Hardy*, for appellant.
*Brame & Brame* and *Alexander & Alexander*, for appellee.

[The reporter has not been able to find the briefs of counsel; they are lost from the record.]
Argued orally by *George B. Neville*, for appellant, and by *L. Brame*, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.
The fraud charged in this bill is of the grossest character, and clearly established by the evidence. It follows that the complainant should have had the relief prayed for in her bill, she offering to do equity by repaying the loan with six per centum interest, and that the relief asked for by the cross bill should have been denied. The act of 1886, of course, is of no avail, since it could not have the effect of preventing the consequences of the fraud in the procurement of the contract. It may be added that the contract is unconscionable to the last degree, and such as no court should enforce. Compelling the appellant to make payments on the basis of maturing to the par value of $100 each the whole forty shares, when she only borrowed $2,-000, and taking twenty of these shares as the absolute property of the association as premium shares, so as to leave the appellant with no interest in them, is extortion of the baldest type. And the effort to uphold the transaction by saying a later by-law

shows the real object was to mature the forty shares to only $50 each is overthrown by the fact that she was compelled, according to the stipulations of the trust deed, to make the whole eighty-one payments on the basis of actually maturing the whole forty shares to the par value of $100 each. The Hafter case (*Interstate Building and Loan Association* v. *Hafter*, 76 Miss., 770 ; 24 So., 871) has no application to the facts of this case. But, apart from all this, the gross fraud practiced and proved entitles complainant to a rescission of the contract, upon the payment of the principal and six per centum interest, since she voluntarily offers to pay this. This case is controlled by the principles announced in *Sawyer* v. *Association*, 103 Mich., 228, 61 N. W., 521 ; *Rowland* v. *Association*, 115 N. C., 825, 18 S. E., 965; and *Williar* v. *Association*, 45 Md., 546.

*Reversed and remanded for proceedings in accordance with this opinion.*